TRAUTMAN, PLAINTIFF AND APPELLEE, *v.* TRAUTMAN & ACHA, DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Ponce in an Action of Debt.—Motion for Dismissal of Appeal.

No. 2676.—Decided December 12, 1922.

APPEAL—ATTACHMENT—FINAL JUDGMENT.—There is no incompatibility between section 14 of the Act to secure the effectiveness of judgments and subdivision 3 of section 295 of the Code of Civil Procedure; therefore, the fact that an appeal from an order refusing to dissolve an attachment was taken ten days after it was entered, is no ground for the dismissal of the appeal.

ID.—ID.—STATEMENT OF CASE.—An appeal from an order refusing to dissolve an attachment will not be dismissed on the ground that the proceedings in which the court below entered the order appealed from were not brought up to this court in the form of a statement of the case.

The facts are stated in the opinion.

*Messrs. E. Rincón* and *L. Vizcarrondo* for the appellant.

*Mr. E. Flores Colón* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

This was an action of debt wherein upon filing his complaint the plaintiff moved for and was granted an attachment to secure the effectiveness of the judgment. After the attachment had been levied on certain real property of the defendants the incident arose in which the said defendants

moved the lower court to dissolve the attachment so levied
and the motion was overruled. Judgment was rendered
sustaining the complaint and the defendants appealed not
only from the final judgment, but also from the order of the
court overruling the motion to dissolve the attachment.

It will be readily understood now that the appeal from
the interlocutory order regarding the attachment was taken
together with the appeal from the final judgment, and in this
the defendants only followed the provisions of section 14 of
the special Act to secure the effectiveness of judgments of
March 1, 1902, which reads as follows:

"All allegations made by either party in the course of the
proceedings regarding the remedy, shall be substantiated, notifying
the other party by means of a summons to appear before any of
the judges, each party having then an opportunity to produce their
proofs. The court shall immediately decide the question, but in no
case shall the incidental questions interfere with the course of the
proceedings in the principal question or suit. Not more than five
days shall elapse between the time the summons is served and the
appearance of the parties at the hearing, which shall not be sus-
pended for any reason. Every decision of the court shall immedi-
ately be carried into effect, but the injured person may protest and
declare his intention to take an appeal, as provided in the law of
civil procedure, against the final judgment of the court." Acts 1902,
p. 166; Comp. 1911, sec. 5246.

Perhaps some doubt might be created by subdivision 3
of section 295 of the Code of Civil Procedure which provides
that an appeal may be taken from an order dissolving or refus-
ing to dissolve an attachment within ten days after the order
or interlocutory judgment is made, and, of course, if that
provision alone should be applied, the appeal would have no
support, but from an examination of different cases decided
by this Supreme Court on the same question involved in the
motion for dismissal, among which may be cited *Ex Parte
Bolivar,* 12 P. R. R. 261; *Veve* v. *Esperanza Central Sugar
Co.,* 13 P. R. R. 250; *Roig* v. *Landrau,* 29 P. R. R. 294, and

*Armstrong & Co.* v. *Irizarry*, 29 P. R. R. 563, we have reached the conclusion that it has been established by implication that there is no inconsistency between section 14 of the Attachments Act of March 1, 1902, and section 295 of the Code of Civil Procedure, and that either may be followed for the purposes of an appeal from an order dissolving or refusing to dissolve an attachment.

After what was held impliedly and the question having been clearly and definitely raised in this case, we think that there is no legal reason for changing the practice adopted of electing between the two forms of appeal authorized by law from orders dissolving or refusing to dissolve attachments.

For that reason, and the appellant having elected one of the means prescribed by law for appealing in attachment proceedings, we are not inclined to dismiss the appeal on that ground.

The second ground of the motion, that the certiorari proceedings instituted by the defendant in this court for reviewing the order of the lower court in the matter of the attachment settled the question on its merits, is entirely erroneous. On the contrary, the question was left undecided, this court holding that certiorari was not the proper remedy for reviewing the interlocutory order of the lower court, the remedy being the appeal taken in the event that the writ of certiorari should not be granted.

The second part of the motion, that certain portions of the record be stricken out, must also be overruled. The portions referred to in the motion are the proceedings in the court below preliminary to the order relative to the attachment, and the purpose of the defendants in including them in the record being to have the order reviewed, it is not necessary that these proceedings should be included in a statement of the case in order that they may be brought up to this court.

For all of the foregoing reasons the motion of the appellee should be overruled on its two points.

                                        *Motion overruled.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Wolf took no part in the decision of this case.